## NEW JERSEY MUTUAL INSURANCE CO. *v.* N. S. GLORE.

**Pawnbrokers—Levy on Pawned Property in Suit by a Creditor of Pawnbroker.**

Where property held by one as pawnbroker is levied on and sold by his creditor, and he abandons his right to recover the property, he must be held to have consented to the action of the constable who levied thereon and sold the property.

**Replevin—Levy on Pawned Property—Recovery by Owner.**

Where pawned property is levied on and sold by a creditor of the pawnbroker, the legal owner of the property cannot recover the property from the purchaser without tendering the amount bid and paid for the property, where it is less than the amount owing by him to the pawnbroker.

APPEAL FROM JEFFERSON CIRCUIT COURT.

February 27, 1873.

OPINION BY JUDGE LINDSAY:

According to appellee's own showing, O'Brien, the pawnbroker, was in possession of the watch and held a lien on it (under an express contract) to secure the repayment of forty dollars loaned money when the constable levied on and sold the same by virtue of appellant's execution against said O'Brien.

The levy was upon the watch itself, and not upon O'Brien's equity. The watch itself was sold and purchased by appellant. The price thereof, thirty-one dollars, was entered as a credit on the execution, and to that extent the judgment against O'Brien was satisfied.

He has taken no steps to have the sale quashed on account of his interest in the watch not being subject to levy and sale under execution, but seems inclined to accept the credit resulting from the sale, and to assist appellee in his attempt to recover the full value of the watch.

As a matter of law, the right of action for the recovery of the watch is in O'Brien, who has a special interest in the property, and also the right of possession under his contract with Glore.

If he abandons this right to Glore, and at the same time takes

no steps to set aside the execution sale, he must be held thereby to assent to the action of the constable. Such being the case; appellant is invested with his rights, at least to the extent that its judgment against him has been satisfied by the sale.

Glore could not have recovered in an action against O'Brien without paying or offering to pay the loaned money. Neither can he recover against appellant' without paying or offering to pay the amount bid for the watch at the constable's sale, said amount being less than the debt owing by him to O'Brien.

The instructions given by the court below are wholly inconsistent with the view of the law. Its judgment must therefore be reversed. The cause is remanded for a new trial upon principles consistent with this opinion.

*Seymore & Abbott, for appellants.*

*Henry, for appellee.*